1

2

3

4  *E-Filed*:    2/12/07

5

6

7                IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10

| | |
|---|---|
| 11   BYRON ANDERSON, | No. C-06-05684 RMW |
| 12        Plaintiff, | |
| 13     v. | ORDER OF TRANSFER |
| 14   MARYLAND STATE POLICE HEADQUARTERS and TROOPER FIRST | |
| 15   CLASS HERNDON, | **[Re Docket Nos. 16, 17]** |
| 16        Defendants. | |

17

18       Plaintiff Byron Anderson, proceeding *pro se*, claims that he was physically and mentally

19  damaged after being slammed into a barbed wire fence by a Maryland State Trooper on September 24,

20  2005 while he was living in Englewood, Maryland.  He has named the Maryland State Police

21  Headquarters and Trooper First Class Tyrone Herndon as defendants.  Before the court are two motions,

22  both filed or renoticed on November 6, 2006:  1) a motion to dismiss filed by defendant Maryland State

23  Police Headquarters and 2) a motion for judgment on the pleadings filed by defendant Trooper First

24  Class Tyrone Herndon.  As of the date of the January 26, 2007 hearing, plaintiff had not filed an

25  opposition to either defendant's motion.

26

27

28

ORDER OF TRANSFER No. C-06-05684 RMW
MAG

1          Both defendants' motions are premised on the lack of personal jurisdiction.[1]  A court lacking

2    personal jurisdiction is powerless to adjudicate.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

3    583 (1999).  The court may obtain personal jurisdiction over a defendant if it finds that either specific

4    or general jurisdiction exists.  For either specific or general personal jurisdiction to exist, defendants

5    must have certain minimum contacts with the forum state.  *Int'l Shoe Co.  v. Washington*, 326 U.S. 310,

6    316 (1945).  Plaintiff's complaint alleges no facts whatsoever that occur in California, nor does the

7    complaint demonstrate that either of the defendants has contacts with California.  Both as pleaded and

8    as argued by the plaintiff at the January 26, 2007 hearing on the defendants' motions, this court lacks

9    jurisdiction to consider plaintiff's claims against the Maryland State Police Headquarters and Trooper

10   Herndon.

11         This court can, however, transfer this case to an appropriate district.  Under 28 U.S.C. § 1406(a),

12   "the district court of a district in which is filed a case laying venue in the wrong division or district shall

13   dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could

14   have been brought."  28 U.S.C. §1406(a).  The United States Supreme Court, interpreting § 1406(a)

15   stated,  "[n]othing in that language indicates that the operation of the section was intended to be limited

16   to actions in which the transferring court has personal jurisdiction over the defendants." *Goldlawr, Inc.*

17   *v. Heiman*, 369 U.S. 463, 465 (1962).  The Court concluded that the purpose of the statute was to avoid

18   "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they

19   had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which

20   venue provisions often turn."  *Id.* at 466.  Accordingly, it held that § 1406(a) authorizes the transfer of

21   cases, "however wrong the plaintiff may have been in filing his case as to venue, whether the court in

22   which it was filed had personal jurisdiction over the defendants or not."  *Id.*

23         A case in which venue is improper may be transferred, rather than dismissed, if transfer is in the

24   interest of justice.  *See District No. 1 Pacific Coast District v. Alaska,* 682 F.2d 797, 799 (9th Cir. 1982).

25   Whether a transfer or a dismissal is in the interest of justice rests within the discretion of the district

26   court.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (citing *Cook v. Fox*, 537

27

28         [1]      In the alternative, both defendants assert immunity from suit as to plaintiff's claims
     under the Eleventh Amendment.

1    F.2d 370, 371 (9th Cir. 1976)).  There is no indication that plaintiff's choice of court was anything other

2    than an error based on incomplete understanding of the court's jurisdictional requirements.  Therefore,

3    in the interest of justice, this court will transfer the case to the District of Maryland, a district in which

4    this case could have originally been brought under the facts pleaded.

5                                               **II.  ORDER**

6          The defendants are located and the actions complained of occurred in Maryland, this case is

7    TRANSFERRED to the United States District Court for the District of Maryland.  Because it lacks

8    jurisdiction to proceed, this court will not rule upon defendants' pending motions.  The clerk shall

9    terminate all pending motions and transfer the entire file to the District of Maryland.

10

11

12   DATED:        2/6/07                                    _Ronald M Whyte_
                                                         RONALD M. WHYTE
13                                                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER OF TRANSFER No. C-06-05684 RMW
MAG                                          3

1 | **A copy of this order was mailed on _____2/12/07_____ to:**

2 | **Plaintiff:**

3 | Byron Anderson
Post Office Box 381
4 | Jolon, CA 93928

5 | **Counsel for Defendant(s):**

6 | Donald Eugene Hoffman
Office of the Attorney General
7 | Maryland State Police
1201 Reisterstown Road
8 | Pikesville, MD 21208

9 | Paul T. Hammerness
Attorney at Law
10 | 455 Golden Gate Avenue
Suite 11000
11 | San Francisco, CA 94102-7004

12 |
Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

ORDER OF TRANSFER No. C-06-05684 RMW
MAG                                                    4